UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA M. MARTINEZ, | : | |
|     Plaintiff, | : | Civil Action No. |
| | : | 3:07cv699 (SRU) |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
|     Defendant. | : | |

**RULING AND ORDER**

On February 27, 2008, Magistrate Judge William I. Garfinkel issued a recommended ruling that would deny Maria M. Martinez's motion to reverse or remand the decision of the Commissioner of Social Security. In that ruling, Judge Garfinkel recommended that I deny Martinez's motion for summary judgment and/or remand (**doc. #8**) and that I grant the Commissioner's motion to affirm (**doc # 15**). Martinez filed a timely objection (**doc. # 20**). I now review Judge Garfinkel's recommended ruling *de novo*.

For the reasons that follow, the recommended ruling (**doc. #16**) is APPROVED and ADOPTED.

**I.     Factual and Administrative Background**

Judge Garfinkel thoroughly laid out and analyzed the facts and procedural history of Martinez's claims in his recommended ruling. The primary issues raised in Martinez's objection to that ruling concern the actions of the Administrative Law Judge ("ALJ") during Martinez's April 10, 2006 hearing. In her motion for summary judgment and/or remand, Martinez argues that the ALJ deprived her of due process by not allowing her husband to accompany her to the hearing and by hindering her use of an interpreter. Judge Garfinkel concluded that Martinez

received a full and complete hearing before the ALJ, and was therefore not denied procedural due process. Reccommended Ruling at 24. Martinez argues that the recommend ruling fails to adequately address her due process claim. Specifically, Martinez asserted that the ALJ treated her with hostility and denied her full access to an interpreter during the hearing, which resulted in denial of her due process rights. I now address each of these complaints in turn.

**II.     Standard of Review**

The District Court makes a *de novo* determination of the portions of a recommended ruling to which an objection is made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Resolution Trust Corp. v. Camhi*, 861 F. Supp. 1121, 1124 (D. Conn. 1994) ("the Court reviews the defendants' motions de novo"). The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). A court will set aside the ALJ's decision if it was based on legal error or is not supported by substantial evidence. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

**III.    Discussion**

In a disability hearing, a claimant is entitled to "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (2d Cir. 1972); *see also Richardson v. Perales*, 402 U.S. 389, 401-02 (1971) (due process applies to social security disability hearings); *Bluvaland v. Heckler*, 730 F.2d 886, 892 (2d Cir. 1984) (superceded by regulation on other grounds ) (reviewing court has a duty to make a searching investigation of the record to make certain that the claimant's right have been protected adequately). Hearing procedures are informal in nature and the conduct of the

hearing rests generally in the ALJ's discretion.  *Richardson v. Perales*, 402 U.S. at 401-02.

      A.      <u>Plaintiff's First Objection: The ALJ Treated Martinez with Hostility</u>

Martinez objects to the tenor of the ALJ's interactions with her, stating that "the ALJ exhibited out right [sic] hostility toward [her]" by not allowing her husband to attend the hearing and by preventing her from relying on gestures during her testimony.

          1.     *Martinez's Husband's Exclusion from Hearing*

The ALJ has discretion to determine who, other than the claimant, may participate in the hearing.  20 C.F.R. § 405.320(a) ("A hearing is open only to [the claimant] and to other persons the administrative law judge considers necessary and proper.").  Because there is no indication that Martinez intended to rely on her husband as a witness able to provide relevant and probative evidence, his presence would likely be unnecessary.  *Cf. Lopez v. Sec'y of Health & Human Servs.*, 728 F.2d 148 (2d Cir. 1984) (friend accompanying claimant should be allowed to participate in hearing where her testimony "could have provided effective testimony about appellant's inability to function on a daily basis").  There is also no indication in the record that either Martinez or her attorney objected to her husband's exclusion, or any contention that she suffered from his absence.  Because there is no indication that his presence was necessary and appropriate, or that Martinez was prejudiced by his absence, the ALJ was within her discretion to exclude Martinez's husband from the hearing.

          2.     *The ALJ's Requirement of Verbal Testimony*

Martinez also argues that the ALJ's insistence that she verbally respond to questions, either personally or through an interpreter when necessary, was a hostile act.  The record shows, however, that the ALJ asked Martinez to verbally respond rather than rely on gestures in order to

3

guarantee the completeness and accuracy of the record.  R. 381.  It is hardly unreasonable for a Judge to prefer a verbal response, which can be transcribed as spoken, to an imprecise gesture, which is more likely to lead to transcription errors and a therefore less reliable record.  *See The Mary H.*, 67 F. Supp. 335, 336 (E.D.N.Y. 1946) (witnesses "supplemented their testimony with gestures which make the printed answers meaningless").  There is no evidence that the ALJ's desire to preserve the accuracy of the record prevented Martinez from providing sufficient and complete testimony.  In fact, the ALJ allowed the claimant's attorney to examine her directly, providing Martinez ample opportunity to clarify the record if necessary.  R. 388-94.  Because the ALJ's insistence on verbal answers helped ensure an accurate transcript, and because Martinez has not pointed to any instance where the ALJ's requirement of verbal answers impeded her ability to accurately communicate, the ALJ's refusal to allow Martinez to provide non-verbal testimony was reasonable and did not violate the Martinez's due process rights.

    B.    <u>Plaintiff's Second Objection: The ALJ Hindered Martinez's Access to Her Appointed Interpreter</u>

As a policy, the Social Security Administration provides interpreters free of charge for claimants with limited English proficiency.  *See Hearing Procedures – Foreign Language Interpreter*, HALLEX I-2-6-10 (update Sept. 2, 2005) ("If a claimant has difficulty understanding or communicating in English, the ALJ will ensure that an interpreter, fluent in both English and a language in which the claimant is proficient, is present throughout the hearing."); *see also Program Operations Manual Sys.: SocialSecurityOnline*, POMS Section DI 23040.001, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0423040001!opendocument.[1]  Evidence in the

---

[1] Certain manuals, including HALLEX, are not regulations and therefore are not binding on the Social Security Administration.  *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) ("the Claims Manual is not a regulation[,] has no legal force, and it does not bind the SSA.").  However, traditional notions of due process would suggest that without

record, including the transcript of Martinez's hearing, supports Martinez's need of interpretive assistance.  *See* R. 43, 79-80, 144, 239, 274, 396; Plaintiff's Objection to Recommended Rulings at 2-3.  Martinez, however, did acknowledge having some English language skills, which she apparently demonstrated to some degree when asked by the ALJ to answer questions in English where possible.[2]  Completed Disability Report – Form SSA-3368, R. at 85, 368, 381.  The hearing transcript reflects, and both parties acknowledge, that a Spanish language interpreter was provided for Martinez as per Social Security Administration procedure.  R. 366-67.  Martinez does not claim denial of an interpreter; rather, she asserts that the ALJ interfered with her use of the interpreter in a manner that violated her due process rights.

For there to have been prejudicial interference with Martinez's access to her interpreter, Martinez must show that, due to the alleged interference, there was a material omission or inaccurate interpretation of key testimony.  *See Chen v. Mukasey*, 271 Fed. Appx. 104, 105 (2d Cir. 2008) (in denying due process violation, court noted that petitioner failed to assert existence of inaccurate interpretation of relevant testimony that would have influenced the hearing's outcome); *Agustin v. Sava*, 735 F.2d 32, 38 (2d Cir. 1984) (finding likely denial of due process where interpretation of asylum application was "nonsensical," leading court to have "grave doubt" as to the accuracy of the document).  The record here gives no indication that any question or response suffered from inaccurate interpretation, and Martinez has not indicated that

---

an interpreter a claimant unable to communicate in English would hardly receive a "full hearing . . . in accordance with the beneficient purposes of the Act."  *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 755 (2d Cir. 1982).

[2]  As noted in both parties' briefs, based solely on the hearing transcripts, it is not possible to determine when Martinez responded through an interpreter or spoke for herself.  Plaintiff also suggests that the ALJ's request that she speak English without aid of the interpreter was a factor in a deprivation of her due process.  However, plaintiff cites no authority that supports that contention.  *See Vasquez v. Chater*, No. C 94-4010, 1995 WL 380157, *4 (N.D. Cal. 1995) ("Plaintiff cites no persuasive authority for the proposition that requiring a plaintiff to use an interpreter only when necessary violates her right to due process.").

any questions or responses were misunderstood or misinterpreted. *See Ekandza-Ebale v. Gonzales*, 208 Fed. Appx. 61, 64 (2d Cir. 2006) (rejecting due process claim where interpreter spoke a different dialect, but record showed that petitioner could answer questions and failed in his appeal to specify which questions were erroneously interpreted or how he may have been prejudiced by the alleged errors); *see also Castillo v. Shalala*, No. 93 CIV.7805, 1995 WL 598977 at *3 (S.D.N.Y. Oct. 10, 1995) (where claimant lacked an interpreter, court critical of claimant's failure to allege which of his responses were inadequate because of language difficulties).

If there were difficulties or errors of interpretation, Martinez's attorney had ample opportunity to question her and could have clarified any inadequate or inaccurate responses. *See Castillo*, 1995 WL 598977, at *3. The record shows that Martinez had ample assistance when it came to answering questions. When Martinez appeared confused by the questioning, either her attorney or the ALJ was able to aid the claimant with pointed and guided questions, resulting in what appear to be clear, uncontested answers. *See* R. at 370, 372, 377-78, 380, 382, 388-93.

**IV.     Conclusion**

I conclude that Martinez was provided with a meaningful opportunity to be heard and her due process rights were not violated. For the forgoing reasons, the Recommended Ruling (**doc. # 16**) is APPROVED and ADOPTED. Accordingly, plaintiff's motion (**doc. # 8**) is DENIED; defendant's Motion (**doc. # 15**) is GRANTED. The clerk shall enter judgment and close this file.

It is so ordered.

Dated at Bridgeport, Connecticut this 30th day of March 2009.

                                                   /s/ Stefan R. Underhill
                                                   Stefan R. Underhill
                                                   United States District Judge